UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL CHURCH, ) | |
| Plaintiff, ) | |
| v. ) | Cause No. 1:18-cv-2311 |
| ) | |
| PEPISCO, INC. ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## COMPLAINT

Plaintiff, MICHAEL CHURCH (hereinafter "PLAINTIFF") by counsel, upon information and belief, complains against PEPSICO, INC. (hereinafter "PEPSICO") as follows:

### NATURE OF ACTION

1. This action is brought to secure redress for Defendant's violation of Plaintiff's civil rights to be free from employment discrimination on the basis of his race under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq. ("Title VII").

### PARTIES

2. Plaintiff is a Caucasian male residing in Danville, Indiana.

3. On information and belief, PEPSICO is a North Carolina for-profit corporation authorized to conduct business within the State of Indiana.

4. At all times relevant to the allegations in this Complaint, PEPSICO maintains its corporate headquarters at 700 Anderson Hill Road, Purchase, New York 10577.

5. At all times relevant to the allegations in this Complaint, PEPSICO operated a production facility at 5858 Decatur Boulevard, Indianapolis, IN 46241.

### JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon Title VII.

7. Venue is proper in the Southern District of Indiana pursuant to 706 (f)(3) of Title VII, 42 U.S.C. § 2000e-5 (f)(3) because unlawful discrimination giving rise the Plaintiff's claims occurred in this district.

## PROCEDURAL PREREQUISITES

8. On or about February 20, 2018, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Indianapolis District.

9. On or about May 3, 2018, the EEOC mailed notice of suit rights to Plaintiff. Plaintiff received his notice of suit rights from the EEOC on or about May 7, 2018, and not more than 90 days has elapsed since receipt of same.

## FACTUAL ALLEGATIONS

10. On or about June 19, 2014, Plaintiff was hired by PEPSICO as a Production Worker.

11. On or about May 11, 2016, Plaintiff was awarded the position as a Batch Operator.

12. A Batch Operator's job function was to mix batches of product to be later sold as soft drinks.

13. Plaintiff was represented by Local 1999, United Steelworkers of America ("Local 1999").

14. Sometime in or about August of 2016, Plaintiff was suspended without pay for "vulgarity" when engaging in 'shop-talk' when using the words "smart ass" in the presence of a supervisor.

15. Sometime in or about October of 2016, Plaintiff was issued a final written warning for mixing an incorrect batch.

16. Sometime in or about February 2017, Plaintiff was terminated from PEPSICO for mixing an incorrect batch.

17. Plaintiff was reinstated after two weeks when PEPSICO discovered the incorrect batch due was to a mechanical problem, and not the fault of the Plaintiff.

18. PEPSICO did not pay the Plaintiff for wages lost during the aforementioned two-week period of time Plaintiff was off from work through no fault of his own.

19. Local 1999 did not grieve the Plaintiff's loss of pay to arbitration as provided by the terms of the parties collective bargaining agreement.

20. On or about May 2, 2017, Plaintiff was discharged from PEPSICO for mixing a bad batch of product.

21. Local 1999 did not grieve Plaintiff's termination to arbitration as provided by the terms of the parties collective bargaining agreement.

22. Upon information and belief, PEPSICO has afforded better treatment of African-American employees in its application and enforcement of its work rules and policies.

23. Upon information and belief, African-American employees Pamela Martin and Christopher Smith have committed batching errors but have not been subject to any disciplinary action by the defendant-employer PEPSICO.

24. Plaintiff is informed and believes, and thereon alleges he was terminated from employment due to his race in violation of Title VII.

### RELIEF ALLEGATIONS

25. An actual controversy exists between Plaintiff and PEPSICO regarding their respective rights and duties. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including a declaration that the Defendant's conduct violated Title VII.

Plaintiff is informed and believes, and thereon alleges, that Defendant deny that its actions and/or failures to act were unlawful. Declaratory relief is therefore necessary and appropriate at this time so that Plaintiff can ascertain his rights.

26.     PEPSICO intentionally acted or failed to act as herein alleged on the basis of Plaintiff's race.

27.     PEPSICO acted or failed to act as herein alleged with malice or reckless indifference to Plaintiff's federally protected rights. Plaintiff is thus entitled to recover punitive damages in an amount according to proof.

## COUNT I
### Unlawful Discrimination in Violation of Title VII

28.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation as set forth above.

29.     Defendant's conduct as stated herein violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

30.     PEPSICO's conduct as alleged herein constitutes discrimination based on race and color in violation of Title VII. The stated reason for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

31.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, and mental anguish. As a result of those actions and consequence harms, Plaintiff has suffered such damages in an amount to be proven at trial.

32.     Defendant's unlawful conduct was intentional, willful, malicious, and/or done with reckless disregard for the federally protected rights of the Plaintiff.

33. Plaintiff requests relief as described in the Prayer for Relief below.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues of fact raised in his Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF** respectfully request that this Court:

1. Enter a declaratory judgment that the practices complained of in this Complaint are unlawful and violate Title VII of the Civil Rights Act of 1964, as amended;

2. Grant all injunctive relief necessary to bring the Defendant into compliance with Title VII;

3. Order Defendant to pay wages, salary, employment benefits and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful actions to be proven at trial;

4. Order Defendant pay exemplary and punitive damages;

5. Order Defendant pay attorney fees and costs of this action;

6. Order Defendant pay interest at the legal rate on such damage as appropriate, including pre-judgement and post-judgment interest, and;

7. Grant any other relief the Court deems appropriate.

Respectfully submitted,

**PANICO LAW LLC**

/s/John R. Panico
John Robert Panico 24039-48
PANICO LAW LLC
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
jpanico@discriminationlawgroup.com

*Counsel for Plaintiff*